CESÁREO GARCÍA, Petitioner, *v.* DISTRICT COURT OF ARECIBO, HON. RICARDO AGRAÍT ALDEA, JUDGE, Respondent; SEBASTIÁN MIRANDA, Intervener.

No. 3. Argued June 2, 1948.—Decided July 16, 1948.

---

*Francisco M. Cadilla* and *G. Zeno Sama* for petitioner. *Arcilio Alvarado* and *Efraín Rivera Maldonado* for intervener, plaintiff in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We issued the writ of certiorari in this case to review the judgment rendered on appeal by the District Court of Arecibo [1] granting the complaint in its first cause of action in a claim for wages and ordering the defendant to pay to the plaintiff the amount of $467.52 plus costs and $50 for attorney's fees.[2]  In its conclusions of fact and of law the lower court stated the following:

### CONCLUSIONS OF FACT

"(1) The defendant employed plaintiff as overseer at the rate of $9 weekly from January 28, 1938 to August 1, 1942.

"(2) The defendant continued to hire plaintiff in the same position at the rate of $11 weekly from August 1, 1942 to January 5, 1945.

"(3) It has not been proved to the satisfaction of the court that there was any contract offering the defendant a certain

---

[1] Section 12 of Act No. 10 of November 14, 1917, as amended by Act No. 17 of April 11, 1945, authorizes the review by certiorari.

[2] Plaintiff claimed the amount of $2,095.32.

percentage of the agricultural profits, nor has it been proven that there were such profits or the amount thereof.

"(4) The regular working hours of the laborers who were supervised by the defendant were eight hours, and in the payroll plaintiff appears with $9 and $11 weekly.

"(5) It appears from the whole evidence that the laborers who were supervised by the plaintiff began their work at seven o'clock in the morning until noon and from one to four o'clock in the afternoon. According to plaintiff's testimony, which was accepted in part by the defendant, the plaintiff did some work in milking cows before beginning his regular job and after four o'clock he made an inspection tour around the farm. Reasonably it may be accepted that this work took one hour and not three hours as stated by the plaintiff, nor half an hour as stated by the defendant.

"(6) Plaintiff received besides his weekly salary four different amounts of money from the defendant in installments of $20, $25, $100 and $75.

"(7) It has been proved that plaintiff signed a receipt on leaving his employment. The probatory value of this receipt shall be considered hereinafter.

### QUESTIONS OF LAW

"(A) Since the defendant accepted in his testimony that the regular working hours of the laborers under plaintiff's supervision were eight hours and since he also accepted that one of plaintiffs duties was to inspect the farm, it is obvious that the time devoted to the latter duty after four o'clock, as well as the time which he worked before the laborers arrived, was extra work which must be compensated but was not paid, for the salary in the absence of a contract for fixed hours may legally include only eight hours of work.

"(B) Although plaintiff on leaving his employment signed a receipt prepared by the defendant stating that he had been fully paid for his work, this receipt may concern only the $9 and $11 weekly agreed on for 7 days and since the legal working day is of eight hours he could not present this receipt for his benefit, if it included the ninth hour, inasmuch as the agreed salary for a 7-day week legally implies 8-hour days."

Petitioner maintains that the judgment rendered is contrary to the evidence and that the lower court erred in stating

that the salary in the absence of a contract for fixed hours may only legally include eight hours of work; in deciding that the contract of services of the plaintiff only included eight hours daily; in deciding that the plaintiff did some work before beginning his regular job and after four o'clock, concluding that "reasonably it may be accepted that this work took one hour"; in granting a very limited probatory value to a receipt signed by the plaintiff and in computing his salary for extra hours.

Several of the errors assigned by the petitioner, first, third and fourth, attack the weighing of the evidence. The evidence was contradictory. That for the plaintiff, which was believed by the court, showed that the contract for services entered between the plaintiff and the defendant stipulated a weekly salary of $8 and $11 (there was a raise) for eight hours of work daily. That for the defendant, not believed by the court, that the weekly salary included all the hours worked by the plaintiff a day, no matter the number of hours. Plaintiff stated that he worked three or more extra hours a day during which he milked cows and inspected the farm. It was as to this aspect of the case that the court held that "According to plaintiff's testimony, which was accepted in part by the defendant, the plaintiff did some work in milking cows before beginning his regular job and after four o'clock he made an inspection tour around the farm. Reasonably it may be accepted that this work took one hour *and not three hours as stated by the plaintiff, nor half an hour as stated by the defendant.*" (The words in italics were eliminated by the petitioner in making the fourth assignment.)

We have carefully read the transcript of the evidence herein and we believe that the evidence supports the findings of the lower court. It weighed the exaggerated testimony of both parties as to the time reasonably taken by plaintiff to perform the extra work in excess of the eight hours which

it considered were stipulated by the parties and it fixed it in one hour.

■ Under the certiorari to review the decisions of the lower court in these cases of claims for wages where the remedy of appeal granted by Act No. 10 of 1917, as amended by Act No. 17 of 1945, has been exhausted, it was not intended for this Court to decide whether the lower court erred in weighing the evidence, but rather, whether as a question of law, the evidence warrants the conclusion at which it may have arrived or whether, in the absence of evidence, said conclusion may be lawfully upheld. *Cf. Blanes* v. *District Court, ante,* page 106. And in *Jiménez* v. *District Court,* 65 P.R.R. 35, a certiorari under Act No. 32 of 1943, wherein the lower court decided that the workmen had worked some extra hours in excess of the eight hours which were not included in the contract, we held on page 43: "As there is some support in the record for this finding, we are not at liberty to interfere with it, particularly where the case is here not by appeal but by certiorari under Act No. 32 of 1943. In view of what we have said, *Torres* v. *González,* 63 P.R.R. 925, and *Muñoz* v. *District Court,* 63 P.R.R. 226, are distinguishable. The *Torres* case involved an ordinary appeal; the *Muñoz* case came here on certiorari under Act No. 32, but there was no support in the record for the judgment, requiring us to vacate it as a matter of law."

The first, third and fourth errors assigned were not committed.

■ In the second assignment petitioner maintains that the lower court erred in stating that in the absence of a contract for fixed hours, the salary may lawfully include only eight working hours and he cites from *Cardona* v. *District Court,* 62 P.R.R. 59, what was said on page 93: "That is to say, if the parties actually contracted that the workman would be paid $1.68 for twelve hours, making an hourly rate of 14 cents an hour, the latter has already been fully compensated at the ordinary rate for all twelve hours, although

he will, of course, still be entitled to the extra compensation for the ninth hour which the statute specifically provides he shall receive." We do not agree with the petitioner. In the present case the evidence showed that the contract between the parties was to the effect that the weekly salary would only cover eight hours of work a day, so that the ninth hour was not included in the salary received by the plaintiff. The lower court did not believe the defendant when he testified that the weekly salary covered any number of hours worked a day. In *Cardona* v. *District Court, supra,* as well as in *Muñoz* v. *District Court,* 63 P.R.R. 226; *Jiménez* v. *District Court, supra,* and others, we have decided that if the workman has worked for more than eight hours a day at an agreed daily wage, he is bound by his contract and if the agreed wage was paid he can only recover from the employer extra pay for the ninth hour of each day worked at ordinary rate, because he was already paid said ninth hour. That is not the situation in the case at bar wherein the intervener has not been paid the ninth hour worked.

The language used by the lower court in its conclusions of law, applied to the facts which it considered proved, is somewhat confusing for in this case there was actually a contract for eight hours of work. Insofar as other findings are concerned the conclusion of the court that "in the absence of a contract for fixed hours the salary may only include eight hours of work" might be erroneous. For example, if the parties agree on a salary for ten hours or without fixed hours of work, said salary would cover all the hours worked (except the ninth hour at the ordinary rate) *Cardona* v. *District Court, supra;* or if in the absence of an express contract the employee works those same hours, the result would be the same.

■■ Petitioner contends in his fifth assignment that the court erred in granting a very limited probatory value to the receipt signed by the plaintiff on ceasing in his employment. Said receipt reads thus:

148

"I hereby state that for about the last seven years, I have been rendering services in the estate of Don Cesáreo García in the ward Sabana Hoyos, Arecibo, having received during all that time uninterruptedly the salary agreed between both parties for the employment of overseer and, besides, I receive now from the hands of Mr. García the amount of SEVENTY FIVE DOLLARS ($75.00) which he delivers to me as compensation and liquidation for any other amount until this day on which my resignation as employee has been accepted.

"At Arecibo, P. R., January 6, 1945.

(*Signed*)   SEBASTIÁN MIRANDA."

Although petitioner testified that he had given $75 to the plaintiff "in liquidation of any other amount", upon being examined by the judge he said:

"Q. Why did you have to give him $75 if you had paid him his wages? —As compensation because he asked me to give him something.
"Q. As a bonus or gift? —Yes, sir.
"Q. As a gift? —Yes, sir."

.  .    .     .     .     .     .     .     .

And the intervener upon being examined by the judge, said:

"Q. You said that on one occasion he had given you twenty dollars and at another time twenty-five, and later one hundred dollars. Did he give you these $75 in addition to those $145? —When he dismissed me during the week he gave them to me according to what I might have worked until I could obtain another job, the four weeks of salary which are usually paid while I could get a job."

It is obvious that if petitioner himself admitted that the $75 were a compensation or a gift for which plaintiff had asked him on ceasing his employment, said amount can not be considered as "a liquidation for any other amount" for the extra work done by the plaintiff, accepting, without deciding, that it would not be illicit because it was contrary to public policy and that a claim for wages of this nature could be thus settled. *Cf. Schulte, Inc.* v. *Gangi*, 328 U. S.

108, 167 A.L.R. 208; Annotations in 158 A. L. R. 1389 and 167 A.L.R. 218; and discussions on the matter of settlements under the Federal Hour and Wage Act in 57 Harvard Law Review 257 and 45 Cal. Law Review 798.

It is finally alleged by the petitioner that the lower court erred in computing at double pay the wages for the ninth hour to which the plaintiff was entitled inasmuch as the computation should have been made at the rate of ordinary pay because the ninth hour had been paid with the weekly salary received by the plaintiff. Petitioner again assumes that the weekly salary of the plaintiff included all the extra hours worked by the plaintiff. However, the court decided that the contract was for eight hours daily and therefore it did not err in ordering the petitioner to pay the ninth hour at double rate.

The writ is quashed.

Mr. Justice De Jesús did not participate herein.